## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv –00267-EWN-PAC

9 SQUARED, INC., a Colorado corporation,

 Plaintiff,

v.

MOVISO LLC, a California limited liability company, and
INFOSPACE, INC., a Delaware corporation,

 Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

 During the course of the above captioned lawsuit ("**Lawsuit**"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).  In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties have submitted this Stipulated Protective Order.  Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of undersigned counsel, it is

 ORDERED that:

 1. Whenever any party or third party in this case (the "**Producing Person**") is called upon to produce or make available to any other party (the "**Receiving Party**") information or material, whether oral, written, or demonstrative, including any documents,

interrogatory answers, admissions, things, deposition testimony or other information, the Producing Person or any party may designate that information, whether in the form of documents, interrogatory answers, admissions, things, deposition transcripts, or otherwise, with one of the two following designations:

      (a)    "Confidential;" or

      (b)    "Confidential--Trial Counsel Only."

All tangible items so designated ("**Designated Information**") shall be conspicuously stamped or written upon each page or separate item by the Producing Person as "Confidential" or "Confidential--Trial Counsel Only." (which may be equivalently designated as "Attorneys' Eyes Only"). Electronic information may be designated by either conspicuous stamping on the medium holding the information (e.g., the CD), or by express written notice to the Receiving Party.

2.    "**Confidential**" information is information which a Producing Person or any party reasonably and in good faith regards as trade secret or other confidential or proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7) and applicable law, but which is not "Confidential-Trial Counsel Only" information. "**Confidential-Trial Counsel Only**" information is highly confidential information the disclosure of which may be commercially damaging to the Producing Person. Such information includes but is not limited to customer lists, confidential pricing, cost, and other competitive financial information, and confidential contractual information consisting of or reflecting the terms or negotiations of confidential contracts or other documents. An entire document or item may be designated as "Confidential" or "Confidential-Trial Counsel Only" if any part of it contains, respectively, "Confidential" or "Confidential-Trial Counsel Only" information, unless the Producing Person elects to designate only portions of the document or material.

2

3.      Designated Information furnished in the form of testimony shall be designated either at the time any such testimony is taken, or within 14 days after the written transcript of such testimony becomes available.  Pending notification from opposing counsel during the 14-day period, all pages and portions of said transcript shall be treated as "Confidential-Trial Counsel Only."  Once designated, the cover page, those portions of the original transcripts and all copies of deposition transcripts which contain Designated Information shall bear the legend "Confidential " or "Confidential-Trial Counsel Only."  All discovery documents and material tendered to a Receiving Party for inspection and copying need not be marked as "Confidential" or "Confidential-Trial Counsel Only" at the time of such inspection, but shall be appropriately marked at the time of delivery of any items selected for copying, and shall be treated as "Confidential-Trial Counsel Only" until copies are provided to the Receiving Party.

4.      Information furnished by third parties, whether by subpoena or otherwise, may be designated by the third party or, if the information is the confidential information of a party to the lawsuit, by such party, in accordance with the standards for designating information as "Confidential" or "Confidential—Trial Counsel Only" as set forth in this Order.  Upon receipt of any potentially confidential information from any third party that the Receiving Party would have reason to think includes confidential information of an opposing party, the Receiving Party shall notify opposing counsel of the nature of such information, and afford counsel 10 days to designate the information in accordance with this Order.

5.      All Designated Information shall be used solely for the purpose of this lawsuit. Within sixty (60) days after final determination of this case (including all appeals), the Receiving Party, its counsel, and each person to whom disclosure has been made shall return or destroy all discovery materials containing "Confidential" or "Confidential-Trial Counsel Only" information produced by another party, and certify to the Producing Person, in writing, that such material

has been returned or destroyed.  Counsel of the parties, however, may retain one copy of deposition transcripts, pleadings and papers filed with the Court, and responses to discovery requests.

6.    Designated Information shall not be disclosed or made available in any form to any other person or party, except:

(a)    Attorneys of record in this lawsuit, regular employees and support staff of such attorneys, and agents and employees of the parties to this action to whom it is necessary that the Designated Information be shown for purposes of this lawsuit;

(b)    Current employees of the named parties, including in-house counsel of the parties;

(c)    Any independent expert or consultant retained by an attorney of record in this lawsuit for the purpose of preparation or testifying in this lawsuit.  An expert shall be considered "independent" only if he or she is not employed by or consulting with, and has no expectation in the future of being employed by or consulting with, any competitor, supplier or vendor of the party producing the Designated Information;

(d)    The Court and any of its staff and personnel;

**(d)(i)    Any party wishing to file a document with the Court under seal must comply with D.C. Colo.L.Civ.R. 7.2 and 7.3.**

(e)    A witness, if it appears from the face of the document that such witness was an author, addressee or recipient of the document, or the document came from such witness' files;

(f)    Any officer, director, or employee of the Producing Party who has authority to review such information; and

4

(g)     Any other person who is designated by stipulation of all parties or by Order of the Court, after notice to all parties.

7.      All information designated "Confidential--Trial Counsel Only" shall be subject to the following additional restrictions: It shall be held in confidence by outside trial counsel, trial counsel's employees, and retained or designated independent expert(s) provided that such Designated Information is relevant to the matters on which the expert is designated to testify. The information shall not be disclosed by counsel or the expert(s) to their respective clients or to anyone else including (but not by way of limitation) any officers, agents or employees of the client, consultants retained by their clients, or employees of such consultants. This information may be disclosed to stenographic reporters before whom depositions are conducted, and to the Court and court personnel, and to the witnesses described in paragraph 6(e) and 6(f) above.

8.      All Designated Information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

9.      All persons, including trial counsel and expert(s), shown or given any Designated Information, shall be advised of this Order and bound thereby. Furthermore, with the exception of counsel of record and their secretaries, paralegals, and law clerks, stenographic reporters, and the Court and court personnel, all persons shown or given any Designated Information shall sign an undertaking in the form attached as *Exhibit A*. Counsel of record shall maintain a copy of such signed undertaking and, to the extent the dispute arises regarding the disclosure of any Designated Information, make such undertaking available to opposing counsel upon reasonable request.

10.     Designation of information as "Confidential" or "Confidential-Trial Counsel only" shall not prevent either party from use of such information at trial as permitted by the Court.

11.     This Order shall not expand or limit the rights of any party to request additional

information during the course of discovery on any grounds.  This Order shall not inhibit the dissemination or use of any Designated Information if that information has been or is obtained by the Receiving Party (1) from sources which are public, or (2) from sources other than the Producing Person under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party.  Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a party from seeking and obtaining Designated Information or other information by discovery request or other judicial process in this action.

      12.    In the event any Designated Information is used in any proceeding, it shall not lose its designated status through such use and the parties shall take all steps reasonably required to protect such confidentiality against misuse.  The entry of this Order shall not be construed to broaden or narrow any party's obligation to produce or right to request information pursuant to the applicable rules of discovery.  Nothing in this Order shall be construed as a waiver of any right to object to the furnishing of information in response to discovery.

      13.    Maintenance of the confidential status of any such Designated Information shall in all cases be subject to further order of this Court or the stipulation of the parties.  Nothing in this Order shall preclude any party from applying to this Court for any modification of this Order or moving the Court for an order changing the status of any Designated Information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional Protective Orders.

      14.    A party seeking to file with the Court any "Confidential" or "Confidential-Trial Counsel Only" information provided by another party shall take all appropriate steps in accordance with the Federal Rules of Civil Procedure and the Local Rules to prevent public disclosure of such information, including placing any documents reflecting such information in a sealed envelope or container marked on the outside with the title of the action, a general

description of the contents of the envelope (e.g., the title of any court paper), and a statement substantially in the following form:

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER**

[OR    **CONFIDENTIAL--FOR INSPECTION BY TRIAL COUNSEL ONLY**]

This envelope (or container) filed by [name of party] contains confidential information and is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties.

15.     The parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and them after this action is terminated for the purpose of enforcing this Order.

16.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Protective Order, or the subject matter thereof.  Upon receiving notice from the Producing Person that materials have been inadvertently produced, they shall be promptly returned to the Producing Person.

17.     If "Confidential" or "Confidential-Trial Counsel Only" information is disclosed to anyone other than persons authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to the disclosure to the attention of the Producing Person or counsel for the Producing Person, and make every reasonable effort to retrieve such information, and to prevent any further disclosure.

18.     The parties to this agreement may move the Court, either jointly or unilaterally, to change or modify the terms or effects of this Order by written motion.

7

DATED: July 22, 2005.

BY THE COURT:


s/Patricia A. Coan
Patricia A. Coan
United States District Court Magistrate Judge


STIPULATED TO AND APPROVED:


s/Lee F. Johnston
Lee F. Johnston
Matthew D. Abell
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado  80202
Tel. (303) 295-8000
Fax (303) 295-8261
email:  ljohnston@hollandhart.com
          mabell@hollandhart.com
**D.C. Box 06**

**ATTORNEYS FOR PLAINTIFF 9
SQUARED, INC**.

s/Jeffrey J. Cowman
Jeffrey J. Cowman
PERKINS COIE LLP
1899 Wynkoop Street
Suite 700
Denver, Colorado  80202
Tel. (303) 291-2300
Fax. (303) 291-2400
email: JCowman@perkinscoie.com

Ramsey M. Al-Salam
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel. (206) 359-8000
Fax: (206) 359-9000
email: Ralsalam@perkinscoie.com

**ATTORNEYS FOR DEFENDANTS
MOVISO LLC AND INFOSPACE, INC**.

3391522_1.DOC

**UNDERTAKING**
Exhibit A to Stipulated Protective Order Relating to Discovery

STATE OF                                                    )
                                                            ) ss.
COUNTY OF                                                   )

      I, _____, being first duly sworn, state that:

      1.     My address is _____
_____.

      2.     My present employer is _____ and the address of
my employer is _____.

      3.     My present occupation or job description is
_____.

      4.     I have received a copy of the Stipulated Protective Order in case of *9 Squared, Inc. v. Moviso LLC and InfoSpace, Inc.*, Civil Action No. 05-N-267 (PAC) in the United States District Court for the District of Colorado.

      5.     I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Stipulated Protective Order.

      6.     I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

                                      _____

Subscribed and sworn to before me this _____ day of _____, 20___.

_____

Notary Public, _____ County,

_____

3391522_1.DOC~~3370686_2.DOC~~

9