IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00267-EWN-PAC

9 SQUARED, INC., a Colorado Corporation,

      Plaintiff(s),

v.

MOVISO, LLC, a California limited liability company, and
INFOSPACE, INC., a Washington Corporation,

      Defendant(s).

_____

**ORDER**
_____

Patricia A. Coan, Magistrate Judge

      In this trademark infringement case, pretrial case management was referred to

the undersigned in a February 11, 2005 General Case Management Order.  Now

before the Court is defendant InfoSpace's Motion for Leave to File Supplemental

Counterclaim and Request for Trial by Jury, Doc. #44.  9 Squared does not oppose the

addition of a new counterclaim, but does oppose the jury request.  A response, an

"errata," and a reply to the motion have been filed.  I heard oral argument on December

9, 2005.

I.

A.  Counterclaim

      Rule 15 applies to a motion to amend a complaint or an answer.  Fed. R. Civ. P.

05-cv-00267-EWN-PAC
December 12, 2005

15(a) provides for liberal amendment of pleadings.  Under well-established law, leave

to amend is a discretionary matter which is left to the trial court to determine.  *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); *Viernow  v. Euripides Devel. Corp.*, 157 F.3d 785, 799

(10th Cir.1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc.*

*v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations

omitted).  Refusing leave to amend is justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive.  *Las Vegas Ice & Cold*

*Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Notwithstanding Rule 15's liberal application, this court has required good cause

under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's

deadline has passed.  *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D

684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the

failure to show good cause)("'good cause' means that scheduling deadlines cannot be

met despite a party's diligent efforts.")  In other words, this court may "modify the

schedule on a showing of good cause if [the deadline] cannot be met despite the

diligence of the party seeking the extension."  *Pumpco, Inc. v. Schenker Intern., Inc.*,

204 F.R.D. 667, 668 (D. Colo. 2001) (M.J. Boland) (internal citations omitted).

B.  Jury Demand

The Seventh Amendment provides that "(i)n suits at common law, where the

value in controversy shall exceed twenty dollars, the right of trial by jury shall be

2

05-cv-00267-EWN-PAC
December 12, 2005

preserved." The amendment has been construed to embrace all suits which are not in

equity and not under admiralty jurisdiction. *Parsons v. Bedford*, 3 Pet. 433, 446-447, 7

L.Ed. 732 (1830).

Rule 38, Fed. R. Civ.P.  governs the procedure to be used for jury demands.

Rule 38 (b) provides:

> Demand. Any party may demand a trial by jury of any issue triable of right
> by a jury by (1) serving upon the other parties a demand therefor in
> writing at any time after the commencement of the action and not later
> than 10 days after the service of the last pleading directed to such issue,
> and (2) filing the demand as required by Rule 5(d). Such demand may be
> indorsed upon a pleading of the party.

Rule 38(b), Fed. R. Civ.P.

The right to a jury trial can be waived. *United States v. Moore*, 340 U.S. 616, 621

(1951).  Rule 38 also addresses waiver of the right to a jury as follows: "(d) Waiver. The

failure of a party to serve and file a demand as required by this rule constitutes a

waiver by the party of trial by jury."  Rule 38(d), Fed. R. Civ.P.

Once a jury demand has been made, it "may not be withdrawn without the

consent of the parties" *id.*, and then only through an oral or written stipulation of all

parties in accordance with Fed.R.Civ.P. 39(a) which states:

> [w]hen trial by jury has been demanded as provided in Rule 38, the action
> shall be designated upon the docket as a jury action. The trial of all
> issues so demanded shall be by jury, unless (1) the parties or their
> attorneys of record, by written stipulation filed with the court or by an oral
> stipulation made in open court and entered in the record, consent to trial
> by the court sitting without a jury. . .

3

05-cv-00267-EWN-PAC
December 12, 2005

Rule 39(a), Fed. R. Civ.P.

II.

*A.  Supplemental Counterclaim*

InfoSpace contends that because two trademark registrations occurred after the

filing of InfoSpace's answer and counterclaims in response to the second amended

complaint, it could not have added the subject counterclaim in its original answer, and

now moves to do so.  I have not been provided any information to the contrary, and

plaintiff has no objection to the additional infringement counterclaim.   Accordingly,

although the scheduling order deadline for amendment of pleadings was June 16,

2005, *see* May 2, 05 Scheduling Order at 7, InfoSpace has "good cause" under Rule

16(b), Fed. R. Civ. P. to amend its answer and counterclaims to add the supplemental

trademark infringement counterclaim because the claim was not available until recently

and InfoSpace thus could not have met the scheduling order's deadline despite its

diligent efforts.  *See Pumpco*, 204 F.R.D. at 668.  Accordingly, the supplemental

counterclaim will be allowed.

*B.  Jury Demand*

InfoSpace further moves to amend its answer to include a jury demand.   Under

Rule 38, a jury demand must be made at any time between the commencement of the

action and within ten days of the service of the last pleading directed to the issue. *See*

4

05-cv-00267-EWN-PAC
December 12, 2005

Rule 38(b), Fed. R Civ.P.

Plaintiff filed its complaint on February 10, 2005, in which it asked for declaratory and injunctive relief, attorney fees and costs, and a jury.  *See* Doc. # 1 at 11-13.  That complaint was *not* served on defendants.  *See* Doc # 5, ¶2.  Plaintiff then was ordered to file an Amended Complaint, to effect service on defendants, and to appear for a scheduling conference.  *See* Doc. # 7 at 1.   The Amended Complaint was filed March 2, 2005, in which plaintiff again asked for declaratory and injunctive relief, but eliminated the jury demand.  *See* Doc. # 8 at 12-13.  The first amended complaint also was *not* served on InfoSpace.  *See* Doc. #9, ¶7.  Plaintiff then moved to file a Second Amended Complaint, *see* Doc. #9, which was permitted, and the Second Amended Complaint was filed on March 22, 2005.  In the Second Amended Complaint, plaintiff again requested declaratory and injunctive relief and attorney fees and costs, but did not demand a jury.  *See* Doc. #12 at 12-14.   The Second Amended Complaint was the only complaint served on InfoSpace in this action.  *See* Doc. # 13.

On or about April 20, 2005, defendants answered only the Second Amended Complaint, asserted several counterclaims and affirmative defenses, and asked for injunctive relief, an accounting of profits, and money damages.  *See* Doc. #14.  InfoSpace did not demand a jury.  *See id.* at 10-11.   In its Reply to InfoSpace's counterclaims, which was served on InfoSpace, 9 Squared included a demand for a jury "on all issues triable thereto."   *See* errata, Doc. # 49 and Reply, Doc. # 17, at 5.

5

05-cv-00267-EWN-PAC
December 12, 2005

I find that, for InfoSpace to have complied with Rule 38(b) before 9 Squared filed

its Reply to InfoSpace's counterclaims on May 13, 2005, InfoSpace's jury demand had

to be made within ten days of April 20, 2005, the date the last pleading directed to the

issue was filed, or by April 30, 2005.   InfoSpace did not demand a jury within that time

frame.[1]

The failure to file a timely demand is a waiver of the right to a jury.  Rule 38(d),

Fed. R. Civ.P.  InfoSpace argues that it did not waive its right to a jury.  InfoSpace

claims that it "relied upon" plaintiff's first complaint containing the jury demand.

Once the jury demand is made, InfoSpace further argues, it cannot be withdrawn

without the consent of all parties.  InfoSpace cites *Auwood v. Harry Brandt Booking

Office, Inc.*, 100 F.R.D. 804 (D. Conn. 1984) in support.  The *Auwood* court held that

"[w]here plaintiffs' original complaint is accompanied by a general jury demand, timely

under Fed.R.Civ.P. 38(b), plaintiffs' failure to reassert or restate the jury demand in

subsequent amended complaints which add new defendants without affecting the basic

character of the litigation does not constitute a waiver of the right of trial by jury as to

the subsequently added defendants under Fed.R.Civ.P. 38(d)."  100 F.R.D. 805.

*Auwood* is distinguishable.  In *Auwood*, there was an original complaint with a

---

[1]   The Scheduling Order states that trial will be to the Court.  *See* Doc. #16 at 12.  The Preliminary Pretrial Order, Doc. # 36 at 10 and the Amended Preliminary Pretrial Order, Doc. # 41at 9, both state that the trial will be to a jury.   The indication of a trial by jury in both preliminary pretrial orders appears to be based on the parties' attorneys' mutual misunderstanding.  Compare InfoSpace's Motion, Al-Salam Declaration, Doc. #44-2 at ¶¶5-7 with Pl. Response, Prince Declaration ¶¶3-7.

05-cv-00267-EWN-PAC
December 12, 2005

jury demand followed by five amended complaints.  *Auwood* does not indicate whether

the original complaint was served on defendants as required by Rule 38(b)("[a]ny party

may demand a trial by jury of any issue triable of right by a jury *by (1) serving upon the*

*other parties a demand therefor in writing*. . .)(emphasis supplied).  Assuming, because

there is no discussion to the contrary, that the original complaint with a jury demand

was *served* on the *Auwood* defendant, then the jury demand was properly made and

the *Auwood* defendant had the right to rely on the demand even though it was not

reasserted in four subsequent amended complaints, but was again requested in the

fifth and final amended complaint.  I find that here, InfoSpace cannot rely upon 9

Squared's jury demand in plaintiff's original complaint.

        In order to trigger the waiver or consent provisions of Rule 38, or the procedural

consent withdrawal provision of Rule 39, the jury demand must be made "as provided in

Rule 38 ("[w]hen trial by jury has been demanded as provided in Rule 38. . .)  *See* Rule

39, Fed.R.Civ.P.  Compliance with Rule 38(b) means that the pleading demanding a

jury must be *served* as the Rule expressly states.  *See*, e.g., *Sunenblick v. Harrell*, 145

F.R.D. 314, 317 (S.D. N.Y. 1993)(a "party who fails to serve a jury demand in the

manner specified by Rule 38 is deemed to have waived its right to a trial by jury on the

issues framed by the pleadings at that juncture.")

        In this case, the original complaint was not served upon InfoSpace and therefore

the original complaint's jury demand was not made as provided in Rule 38.   As a

7

05-cv-00267-EWN-PAC
December 12, 2005

result, InfoSpace was not entitled to rely upon the jury demand made in the original complaint.  Since InfoSpace was not entitled to rely upon the original jury demand in the original complaint, Rule 39, requiring the consent of all parties to waive the jury, could not have applied to any pleadings prior to plaintiff's May 13, 2005 jury demand in its Reply to InfoSpace's counterclaims.

InfoSpace argues also that it has a right to demand a jury upon the filing of its supplemental counterclaim, because it is the last pleading directed to the issue under Rule 38, and the last pleading directed to the issue must be decided on a "claim by claim basis, " relying upon *Huff v. Dobbins, et al*, 243 F.3d 1086 (7th Cir. 2001).  I find InfoSpace's reliance is misplaced.  In *Huff*, the plaintiff made a jury demand 16 months after she filed her second amended complaint, claiming that it was timely because defendants filed motions for summary judgment and did not answer the second amended complaint.  *Huff* held that the issue to be tried had been before the court "for a very long time," and that no new factual issues had been raised in the second amended complaint, so that plaintiff's untimely demand resulted in a waiver of a jury.

InfoSpace argues that it would have been impossible to demand a jury trial until now because there was no claim for infringement of registered trademarks until the trademarks were registered by the U.S. Patent and Trademark Office, which registration occurred after InfoSpace's answer was filed.  While that contention may arguably be correct with respect to a right to a jury on the supplemental counterclaim,

8

05-cv-00267-EWN-PAC
December 12, 2005

the supplemental counterclaim does not revive the waived right to a jury on the claims

plaintiff alleged in the Second Amended Complaint.   *See In Re Kaiser Steel Corp.*, 911

F. 2d 380, 388 (10th Cir. 1990)(amended pleadings will not revive a previously waived

right to a jury)(internal citation omitted); *and see  Communications Maintenance, Inc. v.*

*Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir.1985)(supplemental pleadings do not

extend the jury demand time, except as to any new issues which are raised for the first

time by the supplemental pleadings)(internal citation omitted).  InfoSpace intends to

allege that plaintiff infringed the newly registered trademarks, which averment allegedly

addresses new facts in the litigation.  InfoSpace also requests injunctive relief and an

accounting.  That combination of new facts and the possibility of a legal remedy in

addition to equitable relief results in at least the right to request a jury for the

supplemental counterclaim.

InfoSpace can, in any event,  clearly rely upon the jury demand 9 Squared made

in its Reply to InfoSpace's counterclaims,  with respect to those counterclaims.  *See*

Doc. # 17, Reply at 5.   Accordingly, InfoSpace's request for a jury trial will be granted

as to its counterclaims and its supplemental counterclaim, assuming without deciding,

that there is a right to a jury trial on all of those counterclaims.[2]

---

[2]  Because I decide the jury demand issue on this ground, I need not address InfoSpace's
arguments concerning prematurity and which claims are triable by a jury, if any.

9

05-cv-00267-EWN-PAC
December 12, 2005

III.

For the reasons stated, it is hereby

**ORDERED** that InfoSpace's Motion for Leave to File Supplemental Counterclaim

[filed October 26, 2005], Doc. #44 is **granted**.  InfoSpace shall file a *signed*

Supplemental Counterclaim incorporating the counterclaim as set forth in Exhibits A

and B to its motion, Doc. # 44, on or before **December 20, 2005.**  9 Squared's reply or

other response to the Supplemental Counterclaim is to be filed on or before **January 6,**

**2006**.  It is further

**ORDERED** that InfoSpace's Request for Trial by Jury [filed October 26, 2005],

Doc. # 44 is **granted** in part and **denied** in part.  InfoSpace may request a jury on its

supplemental counterclaim and may rely upon plaintiff's jury demand for a jury demand

on InfoSpace's other counterclaims.

Dated December 12, 2005.


By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge